UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

  v.                                                              Case No. 21-CR-223 (BHL) (SCD)

SEALED DEFENDANT,
SEALED DEFENDANT,
VICTOR COBIAN,
RICHARD MOSQUEDA,
CRISTINA COLE,
MICHAEL PRESTON,
DEJAN ZORIC, and
SEALED DEFENDANT,

           Defendants.

## MOTION FOR A PROTECTIVE ORDER
## REGULATING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

    The United States of America hereby moves this Court for a Protective Order regulating the use, dissemination, and disposition of the discovery materials in this case. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

    Entry of this protective order is essential to protect the privacy and safety of defendants, targets, subjects, and witnesses, encourage transparency, and promote efficiency. To ensure compliance with the United States's discovery obligations and expedite the exchange of discovery material between the parties, the United States seeks to disclose the discovery materials pursuant

1

to the attached Protective Order. The Protective Order will expedite the disclosure of discovery to the defendants by eliminating the need for the United States to perform a document-by-document evaluation of the relevance and sensitivity of the information contained in the materials. This will, instead, allow the United States to provide extensive discovery to the defendants—consistent with the District's "Expanded Discovery Policy," while protecting the personal and sensitive information of defendants, targets, subjects, witnesses, and third parties and the Government's ongoing investigation.

The United States requests that the Court order the following:

(1) All of the materials provided by the United States in preparation for or in connection with any stage of the proceedings in this case (collectively, "discovery materials") are subject to this Protective Order.

## **PROVISIONS REGULATING ALL DISCOVERY MATERIALS**

(2) The discovery materials may be used by the defendant and defendant's counsel, defined as counsel of record in this case or successor counsel ("defense attorney"), solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding, without further order of this Court. Defendant and defense counsel shall only use the discovery materials to prepare a defense in this case, including investigation, trial preparation, trial, and appeal.

(3) The discovery materials will be made available to counsel of record for the defendants ("defense attorneys"). The defense attorneys will be provided with one copy of the discovery materials. The United States may redact anything that is not exculpatory and that the United States reasonably believes is not relevant to the prosecution, or would jeopardize the safety

2

of a person other than the defendant, or would jeopardize an ongoing criminal investigation. As additional materials become available, the defense attorneys will be notified by the United States Attorney's Office, and one copy of the additional discovery materials will be provided to the defense attorneys. If and when disclosure of a witness's identity is appropriate, the United States Attorney's Office will notify the defense attorneys accordingly.

(4)     The defense attorneys may make copies of the discovery materials as necessary to prepare a defense in this case. Defendant and defendant's counsel shall not disclose the discovery materials or their contents, directly or indirectly, to any person or entity other than persons employed to assist the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons") and may only disclose the discovery materials as needed to provide a defense for the defendant in this case, including any direct appeal. Copies of a statement or statements of a particular witness produced in discovery may be relinquished to licensed investigators employed by the defense attorneys for limited periods of time as necessary to facilitate an investigation interview with that witness. Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

(5)     Discovery materials or the information contained therein shall not be included in or attached to any public filing with the Court, and instead shall be filed under seal (except if the defendant chooses to include in a public document confidential information relating solely and directly to the defendant), unless consent to filing in the public record is given in writing by an attorney for the United States.

(6) Prior to disclosing any discovery materials to authorized persons, defense attorneys will inform each authorized person receiving discovery of the limitations contained in this Protective Order, require each authorized person to sign the acknowledgement of the Protective Order (appended below), and provide the United States with a copy of the signed acknowledgement.

(7) The United States shall make arrangements with any and all institutions where the defendants are detained so that one copy of the discovery materials can be maintained at each institution for inspection by the defendants. Defendants are prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his or her cellblock.

**PROVISIONS REGULATING CONFIDENTIAL DISCOVERY MATERIALS**

(8) Certain discovery materials contain sensitive or private information of defendants, targets, subjects, witnesses, and third-parties or are otherwise non-discoverable but disclosed in accordance with Criminal Local Rule 16(a)(2) (collectively, "confidential discovery materials"). Prior to disclosure, such discovery materials shall be plainly marked "CONFIDENTIAL" by the United States on the material itself, in an accompanying cover letter, on a disc cover or label, or by any other reasonable means.

    a. All confidential discovery materials, including necessary copies thereof, shall remain in the custody and control of the defense attorney at all times. Confidential discovery materials may be reviewed by the defendant, persons employed to assist the defense, or the person to whom the confidential information solely and directly pertains, *only* in the presence of the defense attorney. No such confidential

discovery materials, or the information contained therein, may be disclosed to any person other than the defendant, counsel for the defendant, persons employed to assist the defense, or the person to whom the confidential information solely and directly pertains. Confidential discovery materials and any copies thereof may not be released to any person, including the defendant and persons employed to assist in the defense, without prior notice to the United States and authorization from the Court.

b. Within 90 days of the conclusion of the trial or any direct appeal therefrom, the defense attorney shall return all confidential discovery materials (along with all copies thereof) to the United States, or cause such confidential discovery materials and all copies to be destroyed and certify their destruction.

The restrictions in this Protective Order shall remain in effect until further order of the Court or by written agreement of the parties. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

The basis for the motion is more fully described in the attached ex parte statement of the undersigned. It is hereby requested pursuant to Rule 16(d)(1) that such statement be sealed.

For these reasons and those stated in the accompanying ex parte statement, the United States respectfully requests that this Court enter the Protective Order regulating the defendants' use, dissemination, and disposition of the discovery materials.

5

Dated at Milwaukee, Wisconsin, this 31st day of March 2022.

By: */s/ Philip T. Kovoor*
PHILIP T. KOVOOR
CHRISTOPHER J. LADWIG
Assistant United States Attorneys

United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202

6