Dejan Zoric #90030-509

LSCI Allenwood Low Security Corr Inst.

PO Box 1000

White Deer, PA 1

NIXIE          152   4E 1          0209/07/25

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

MANUAL PROC REQ    2099NZS0111-00918

U.S. District Court
Wisconsin Eastern

SEP 17 2025

FILED
Clerk of Court

NEOPOST
08/19/2025
US POSTAGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                   Case No. 21-CR-223

DEJAN ZORIC,

                Defendant.

---

**PLEA AGREEMENT**

---

1.      The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Philip T. Kovoor, Assistant United States Attorney, and the defendant, Dejan Zoric, individually and by attorney Dennis Coffey, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

<u>**CHARGES**</u>

2.      The defendant has been charged in four counts of a 25-count indictment, which alleges violations of Title 18, United States Code, Sections 2(a), 2(b), 371, 554, and 924(b) and Title 22, United States Code, Sections 2778(b)(2) and 2778(c), against this defendant. The defendant has also been charged in an information, which alleges a violation of Title 18, United States Code, Section 4.

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to waive prosecution by indictment in open

court.

5.     The defendant voluntarily agrees to plead guilty to the following count, as set

forth below:

## INFORMATION

### THE UNITED STATES ATTORNEY CHARGES THAT:

1.     Between December 2017 and March 1, 2019, in the State and Eastern District of

Wisconsin and elsewhere,

### DEJAN ZORIC

had knowledge of the actual commission of a felony cognizable by a court of the United States,

to wit, conspiracy to violate the laws of the United States, in violation of Title 18, United States

Code, Section 371.

2.     The defendant did conceal the same by assisting another who was traveling from

Wisconsin to Nevada to acquire a firearm with intent to engage in and in furtherance of dealing in

firearms, facilitating the transportation, concealment, and sale of a firearm, prior to exportation,

knowing the firearm to be intended for exportation contrary to a law and regulation of the United

States, and denying the existence of the conspiracy on June 11, 2019. The defendant did not as

soon as possible make known the same to some judge or other person in civil or military authority

under the United States.

All in violation of Title 18, United States Code, Section 4.

6.     The defendant acknowledges, understands, and agrees that he is, in fact, guilty of

the offense described in paragraph 5. The parties acknowledge and understand that if this case

were to proceed to trial, the government would be able to prove the facts in Attachment A beyond

a reasonable doubt. The defendant admits that these facts are true and correct and establish his

2

guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7.    The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 3 years and $250,000. The count also carries a mandatory special assessment of $100, and up to 1 year of supervised release.

8.    The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9.    The government agrees to move to dismiss the indictment, as to this defendant only, at the time of sentencing.

## ELEMENTS

10.    The parties understand and agree that in order to sustain the charge of **misprision of a felony**, the government must prove each of the following propositions beyond a reasonable doubt:

First, a federal felony was committed;

Second, the defendant had knowledge of the commission of that felony;

Third, the defendant failed to notify an authority as soon as possible; and

Fourth, the defendant did an affirmative act to conceal the crime.

## SENTENCING PROVISIONS

11.    The parties agree to waive the time limits in Federal Rule of Criminal Procedure 32 relating to the presentence report, including that the presentence report be disclosed not less than

3

35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

<u>**Sentencing Guidelines Calculations**</u>

15.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

4

## Relevant Conduct

16.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

17.     The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 17 under Sentencing Guidelines Manual §§ 2X4.1(a), 2X1.1(a), and 2M5.2(a)(1).

## Specific Offense Characteristics

18.     The parties acknowledge and understand that the government will recommend to the sentencing court that a 4-level increase for possessing or transferring any firearm with knowledge, intent, or reason to believe that it would be transported out of the United States, using or possessing any firearm in connection with another felony offense, or possessing or transferring any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, under Sentencing Guidelines Manual § 2K2.1(b)(6) and a 2-level increase for 3-7 firearms under Sentencing Guidelines Manual § 2K2.1(b)(1)(A) are applicable to the offense level for the offense charged in the information.

## Role in the Offense

19.     Pursuant to Sentencing Guidelines Manual § 3B1.1 and 3B1.2, the parties agree to recommend to the sentencing court that no adjustment be given for an aggravating or mitigating role in the offense.

5

## Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

23.     The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

6

## **Court's Determinations at Sentencing**

24.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## **FINANCIAL MATTERS**

26.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

27.     The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and

7

sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Fine

28. The parties agree to recommend no fine.

### Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

30. The defendant agrees that he has no interest in the properties listed in the indictment.

## DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

8

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying on to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

9

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## Further Civil or Administrative Action

35.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

36.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the sentencing court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences, including the potential for automatic removal from the United States.

## GENERAL MATTERS

37.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

10

38. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

39. The parties acknowledge, understand, and agree that the United States Attorney's Office is free to notify any local, state, or federal agency of the defendant's conviction.

40. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

11

## VOLUNTARINESS OF DEFENDANT'S PLEA

42.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

12

## ATTACHMENT A

Beginning by at least December 2017 and continuing until on or about March 1, 2019, in the State and Eastern District of Wisconsin and elsewhere, Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Rafael Preciado, and others knowingly and intentionally conspired with each other and others to commit several firearms purchasing, trafficking, and smuggling offenses. The primary purpose of the conspiracy was to purchase firearms in the United States, smuggle the firearms to Mexico, and supply the firearms to the Cartel de Jalisco Nueva Generación (CJNG), a transnational criminal organization. To achieve the purpose of the conspiracy, the conspirators found firearms using online gun brokers, purchased firearms, falsely represented themselves as the actual buyers of the firearms, acquired the firearms from licensed firearms dealers, transported the firearms to California, removed the serial numbers from firearms, smuggled the firearms from the United States to Mexico, and transferred the firearms to associates of the Cartel de Jalisco Nueva Generación.

In May 2018, Victor Cobian showed Conspirator 2 two rifles in Oak Creek, Wisconsin, and Conspirator 1 and Conspirator 2 told Victor Cobian that the leader of the firearms trafficking scheme would pay double the price for the firearms. Conspirator 1 told Victor Cobian that the leader of the firearms trafficking scheme was interested in AR-15 rifles. On May 24, 2018, Victor Cobian and Conspirator 2 flew from Chicago O'Hare to Las Vegas, Nevada. Email records from Victor Cobian's Gmail account contained photos of a car rental agreement for Las Vegas from May 25, 2018, to May 26, 2018, and a flight confirmation from Chicago O'Hare International Airport to Las Vegas. Flight records also confirm that Victor Cobian and Conspirator 2 flew to Las Vegas. Conspirator 2 stated that Victor Cobian and Conspirator 2 checked four large gun cases. When they arrived in Las Vegas, Victor Cobian went to meet a friend and received cardboard boxes—consistent with firearms boxes—from his friend in Las Vegas. Conspirator 2 observed

13

these firearms boxes in the rental car in Las Vegas, and transported all of those firearms with Victor Cobian from Las Vegas to California, where those firearms were provided to Richard Mosqueda, a smuggler. Electronic evidence shows that defendant Dejan Zoric is a friend of Victor Cobian's who lives in Las Vegas, and was in regular communication with Victor Cobian around the time of this travel. Conspirator 2 stated that Victor Cobian asked the leader of the firearms trafficking scheme to pay his friend half of the money upfront. Victor Cobian paid Conspirator 2 $3,000 in cash while in Las Vegas, and split the money with Conspirator 1.

On July 26, 2018, Conspirator 3 purchased a Barrett Model M82A1 .50 caliber BMG rifle (Serial: AA002148) from The Shooters' Sports Center in Racine, Wisconsin. Conspirator 3 completed the ATF Form 4473 for this firearm on July 10, 2018, which certified that he was the "actual transferee/buyer of the firearm(s)," when, in fact, he was not. Conspirator 1 fronted the money for this firearm, and Conspirator 3 took this firearm to Conspirator 1's house and gave Conspirator 1 the firearm. Conspirator 1 traveled to Las Vegas on July 27, 2018, and he took the Barrett Model M82A1 .50 caliber BMG rifle (Serial: AA002148) with him. After arriving in Las Vegas, Conspirator 1 rented a car, and was contacted by Victor Cobian who told Conspirator 1 to pick up additional firearms from Victor Cobian's friend Dejan Zoric who lived in Las Vegas. When Conspirator 1 arrived at Zoric's home, he pulled into Zoric's garage, loaded several of Zoric's firearms into his rental car, and left. Telephone toll records confirm that Victor Cobian, Dejan Zoric, and Conspirator 1 were all communicating regularly in the days before and during this trip, and Victor Cobian paid for Conspirator 1's hotel room.

Conspirator 1 then transported all of the firearms, including Zoric's firearms, from Las Vegas to California and transferred the firearms to Conspirator 4. Conspirator 4 provided all the firearms to Richard Mosqueda for smuggling into Mexico. Homeland Security's records show that Mosqueda crossed into the United States on July 26, 2018, July 27, 2018, and July 30, 2018, at the

14

Otay Mesa Port of Entry. Victor Cobian asked Conspirator 1 if he had paid Zoric while in Las Vegas, and Conspirator 1 indicated that he did not. Victor Cobian informed Conspirator 1 that he would pay Zoric from his share of the proceeds. Conspirator 1 also received his share of the proceeds from Victor Cobian.

On October 9, 2018, Victor Cobian purchased two Barrett rifles—Barrett 82A1 .50 caliber (Serial: Barrett AA007837) and Barrett 82A1 .50 caliber (Serial: AA007825). Victor Cobian also purchased a Fabrique Nationale Herstal M249S 5.56 caliber rifle (Serial: M249SA05209). Photographs and videos in Victor Cobian's Gmail account suggests that Victor Cobian was in Las Vegas from October 12, 2018 to October 19, 2018. Victor's bank account confirms this with purchases in Illinois, Iowa, Nebraska, Colorado, Utah, Wyoming, and Las Vegas from October 11, 2018 and October 25, 2018. Telephone toll records show that Victor spoke with Zoric about 146 times between those dates.

In February 2019, an employee of Green Valley Range, a federal firearms licensee in Henderson, Nevada, contacted ATF because of suspicious firearms purchases by Ethan Erhardt. Erhardt had purchased multiple high-powered and belt-fed rifles, claiming he was doing so for testing as part of a contract with the United States military. Erhardt, however, had paid for all of the purchases in cash or gift cards—inconsistent with commercial purchases.

According to ATF Form 4473s, Erhardt purchased four FN America M249S 5.56mm rifles on December 20, 2018, six FN America M249S 5.56mm rifles on December 22, 2018, and ten Barrett M82A1 .50BMG rifles on January 12, 2019—all from Green Valley Range. Erhardt also had ten more FN America M249S rifles on order. In total, Erhardt spent approximately $257,000 in three months on firearms.

On February 19, 2019, ATF established surveillance at Green Valley Range, where Erhardt was scheduled to pick up the firearms. Erhardt arrived and went to speak with Boris Trgovcevic,

15

a longtime associate of Dejan Zoric, who was waiting in a white cargo van. (Electronic evidence show and business records show that Zoric and Trgovcevic are related or close friends, and that Zoric and Trgovcevic communicated regularly.) Erhardt went into the gun shop, completed the ATF Form 4473, provided $88,098.07 in gift cards as payment, obtained the FN rifles, and started loading the rifles into the cargo van with Trgovcevic. Those firearms are as follows:

- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA01897)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA02436)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA05447)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07101)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07099)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07141)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07111)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07588)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07367)
- FNH America M249S 5.56x45 caliber rifle (Serial: M249SA07431)

On scene, agents conducted an out-of-custody interview with Trgovcevic. Trgovcevic gave consent for agents to search his phone. In that phone, he listed Erhardt's number under the Serbian word for "weapons." Agents seized the 10 firearms, along with Trgovcevic's phone and Erhardt's two phones. Trgovcevic's phone contained multiple conversations about firearms trafficking with Erhardt, Dejan Zoric, and others, including the following:

- In early December 2018, Trgovcevic had sent a message saying "Saw249," inquiring if they could be sent "from USA to Croatia" because "They are going to Mexico." Trgovcevic said that they would simply draft a written order saying that the weapons were being sent

16

to Croatia, but would actually go to Mexico: "Only order will say that. And weapons will go to Mexico. Saw249m."

- On December 21, 2018, Trgovcevic sent Zoric a photo of an FN America M249S rifle—consistent with the ones purchased by Erhardt the day before. In the photo, the rifle was sitting on a cardboard box with the shipping Styrofoam attached. Trgovcevic sent a photo to Zoric of a listing for a firearm and said: "These are on hold. How much they going to give me?" Zoric responded: "We will let you know."

- In February 2019, there were conversations between Erhardt and Trgovcevic discussing orders of specific firearms, where Trgovcevic says repeatedly that he "will let them know." About a week before the seizure, Erhardt told Trgovcevic that they could order 10 SAW rifles for about $88,000, and asked: "How much is he gonna pay for these collapsible ones each? So can we get like 66k today?" A few days later, Trgovcevic asks for the tracking number because "this guy is being pushy, bothering me too much."

Erhardt's phone extraction contains the conversations described above with Trgovcevic, along with conversations about meeting with Trgovcevic, saying in early December 2018: "He's got some more people . . . I'm curious to see where this can go. . . but he has people that want to bring more to the table." Erhardt later says that he is going to "pick up those things for Boris" on December 8, 2018. Erhardt says that he is going to meet Trgovcevic on December 21, 2018—the same day of the first known pickup at Green Valley Range—suggesting that they "started working together like 2 or 3 weeks ago."

Text messages between Victor Cobian and Dejan Zoric suggest that Victor Cobian had been in Las Vegas and returned to Milwaukee on or about December 15, 2018. On December 20, 2018—the day that Erhardt first picked up the firearms, Zoric texted Victor Cobian saying: "I need

17

you to answer." Victor told Zoric to call. Two days later when Erhardt picked up the remaining guns, Zoric again asked Victor Cobian to call.

On March 12, 2019, agents conducted a post-Miranda interview with Erhardt. Erhardt admitted that he purchased the 20 firearms in December 2018, saying that he gave those away as "gifts" to those that were interested in potentially investing in him and his business. He said that all of those firearms went to Trgovcevic, and Trgovcevic was supposed to give them away as gifts. He claimed that the other 10 firearms he intended to purchase on February 19, 2019 were also for Trgovcevic to gift to others. He said that Trgovcevic picked up all of the firearms, and kept them at his house. ATF conducted warrants at Erhardt and Trgovcevic's houses that same day—March 12, 2019, but did not find any of the high-powered firearms or anything of evidentiary value. In total, 4 of the 10 Barrett .50 caliber rifles purchased by Ethan Erhardt on January 12, 2019, at Green Valley Range were recovered in Mexico—three in the control of CJNG members and one in the custody of an unknown cartel member.

On June 11, 2019, agents conducted a non-custodial interview of Zoric. Zoric admitted knowing Trgovcevic and Victor Cobian, but denied any knowledge of firearms trafficking. Zoric said he knew Victor Cobian had issues with ATF in the past, because Victor Cobian had called Zoric and told him about his problems with the law. After identifying Trgovcevic as his friend, Zoric requested a lawyer.

18

**ACKNOWLEDGMENTS**

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 08/28/2024

DEJAN ZORIC
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/28/24

DENNIS COFFEY
Attorney for Defendant

For the United States of America:

Date: 8/28/24

GREGORY J. HAANSTAD
United States Attorney

Date: 08/29/2024

PHILIP T. KOVOOR
Assistant United States Attorney

19

AO 245B (Rev. 09/11) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

v.

Case Number: 21-cr-0223-bhl-7
USM Number: 90030-509

DEJAN ZORIC

Dennis Coffey
Defendant's Attorney

Christopher Ladwig
Assistant United States Attorney

THE DEFENDANT pled guilty to Count One of the Information. The Court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprision of a Felony | March 1, 2019 | One |

The Court sentences the defendant as provided in this judgment. The Court imposes the sentence under the Sentencing Reform Act of 1984.

The Indictment is dismissed upon motion of the United States.

The Court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: December 9, 2024

Hon. Brett H. Ludwig, United States District Court

Date Judgment Entered: December 9, 2024

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: DEJAN ZORIC
CASE NUMBER: 21-cr-0223-bhl-7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one (1) year and one (1) day.

☒ The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be considered for placement at a facility in close proximity to Las Vegas, Nevada.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office no sooner than January 9, 2025.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: DEJAN ZORIC
CASE NUMBER: 21-cr-0223-bhl-7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of one (1) year.

## MANDATORY CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

3. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

   If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions below and on the attached page.

## CONDITIONS OF SUPERVISION

1. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment.
2. After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
3. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
4. The defendant must not knowingly leave the federal judicial district without first getting permission from the Court or the probation officer.
5. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.
6. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to their Fifth Amendment right against self-incrimination.
7. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where they work or anything about their work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.
8. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: DEJAN ZORIC
CASE NUMBER: 21-cr-0223-bhl-7

## CONDITIONS OF SUPERVISION (continued)

9. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with that person in any way.

10. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.

11. If the defendant is arrested or questioned by a law enforcement officer, the defendant must tell the probation officer within 72 hours.

12. The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the Court.

13. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: DEJAN ZORIC
CASE NUMBER: 21-cr-0223-bhl-7

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|:---:|:---:|:---:|
| **$100.00** | **Waived** | **None** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| **PAYEE** | **AMOUNT** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL:** |  |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐     The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐     Restitution amount ordered pursuant to plea agreement: $_____.

☐     The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐     The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: DEJAN ZORIC
CASE NUMBER: 21-cr-0223-bhl-7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $100.00 special assessment begins immediately.

After his release from custody, the defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) costs (if any, including the costs of prosecution).

☐ Joint and Several (Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate): _____

☐ The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

**United States District Court**
**Eastern District of Wisconsin (Milwaukee)**
**CRIMINAL DOCKET FOR CASE #: 2:21-cr-00223-BHL-7**

Case title: USA v. Cisneros-Hernandez et al

Date Filed: 11/02/2021

Other court case number: 22-mj-184 District of Nevada (Las Vegas)

Date Terminated: 12/09/2024

Assigned to: Judge Brett H Ludwig

**Defendant (7)**

**Dejan Zoric**
*YOB 1976*
*TERMINATED: 12/09/2024*

represented by **Dennis P Coffey**
Mawicke & Goisman SC
1509 N Prospect Ave
Milwaukee, WI 53202
414-224-0600
Fax: 414-224-9359
Email: dcoffey@mawickelaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:4 - WITHHOLDING INFORMATION ON A CRIME (1s) | Imprisonment: 1 year and 1 day. Supervised Release: 1 years. Special Assessment: $100. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371 - CONSPIRACY TO DEFRAUD THE UNITED STATES (1) | Dismissed on motion of the government. |
| 18:924(b), 2(a) and 2(b) - PENALTIES FOR FIREARMS (13) | Dismissed on motion of the government. |
| 18:554, 2(a) and 2(b) - SMUGGLING GOODS INTO THE UNITED STATES (14) | Dismissed on motion of the government. |
| 22:2778(b)(2) and 2778(c) - REGISTRATION AND LICENSING REQUIREMENTS (15) | Dismissed on motion of the government. |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

represented by **Philip Thomas Kovoor**
United States Department of Justice (ED-WI)
Office of the US Attorney
517 E Wisconsin Ave - Rm 530
Milwaukee, WI 53202
414-297-1721
Fax: 414-297-1738
Email: philip.kovoor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Christopher Ladwig**
United States Department of Justice (ED-WI)
Office of the US Attorney
517 E Wisconsin Ave - Rm 530
Milwaukee, WI 53202
414-297-4103
Fax: 414-297-1738
Email: christopher.ladwig@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2021 | 1 | UNSEALED pursuant to 2/10/2023 Order ~~SEALED INDICTMENT as to Jesus Cisneros-Hernandez (1) counts 1, 2, 3, 4, 5, 6-7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18-20, 24-25; Juan Arturo Charles (2) counts 1, 2, 4, 5, 8, 9, 13, 14, 15; Victor Cobian (3) counts 1, 2, 10, 11, 12, 13, 14, 15, 16, 17, 18-20, 21, 22, 23, 24-25; Richard Mosqueda (4) counts 1, 2, 4, 5, 8, 9; Cristina Cole (5) counts 1, 16, 20; Michael Preston (6) count 16; Dejan Zoric (7) counts 1, 13, 14, 15; Rafael Preciado (8) counts 1, 18. (lz) (Additional attachment(s) added on 11/2/2021: # 1 Information Sheet, # 2 Unredacted Indictment) (lz) Modified on 1/23/2024 (mlm).~~ |
| 03/07/2022 | | Case unsealed as to Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric (mlm) |
| 03/07/2022 | 2 | REDACTED Indictment as to Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric. (mlm) |
| 03/07/2022 | 11 | Warrant Returned Executed in Las Vegas, NV on 3/7/2022 as to Dejan Zoric. (lz) (Entered: 03/11/2022) |
| 03/09/2022 | | Arrest of Dejan Zoric in District of Nevada (Las Vegas). Defendant released and ordered to appear in Eastern District of Wisconsin. (lz) (Entered: 03/10/2022) |
| 03/10/2022 | 9 | Rule 5 Documents Received as to Dejan Zoric from District of Nevada (Las Vegas) their case no 22-mj-184. Docket Sheet. (Attachments: # 1 Order to Appear, # 2 Waiver of Rule 5(c)(3) Hearings)(lz) |
| 03/10/2022 | | NOTICE OF HEARING as to Dejan Zoric. Arraignment & Plea set for 3/30/2022 at 11:00 AM in Courtroom 242, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Magistrate Judge William E Duffin. Defendant notified by District of Nevada (Las Vegas) to appear. (cc: all counsel)(lz) |
| 03/10/2022 | 12 | Additional Document Received for Dejan Zoric from District of Nevada. Appearance Bond and Order Setting Conditions of Release. (lz) (Entered: 03/14/2022) |
| 03/15/2022 | 17 | NOTICE OF ATTORNEY APPEARANCE: Dennis P Coffey appearing for Dejan Zoric (Coffey, Dennis) |
| 03/15/2022 | 18 | NOTICE OF ATTORNEY APPEARANCE: Christopher Ladwig appearing for USA (Ladwig, Christopher) |
| 03/15/2022 | | NOTICE OF HEARING as to Dejan Zoric. The Arraignment & Plea hearing scheduled for 3/30/2022 at 11:00 AM (CT) will be by Zoom Video Conference before Magistrate Judge William E Duffin. Zoom connection information will be provided prior to the hearing date. (cc: all counsel)(lz) |
| 03/22/2022 | | NOTICE OF HEARING as to all defendants; Counsel Only Scheduling Conference set for 4/5/2022 at 09:00 AM by Zoom Teleconference before Magistrate Judge Stephen C Dries. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call(amb) |
| 03/25/2022 | 23 | PRETRIAL SERVICES REPORT - BOND STUDY (Restricted) filed by US Pretrial Office as to Dejan Zoric (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Parties allowed to view this document may do so by logging in.) (at) |
| 03/29/2022 | | ZOOM INFORMATION as to Dejan Zoric; Arraignment & Plea set for March 30, 2022 at 11:00 A.M. before Magistrate Judge William E Duffin. **Defense counsel to forward this information to his client.** Click here to Join ZoomGov Meeting **Meeting ID: 160 191 9873 and Password: 404554** Dial in: +1-669-254-5252 or +1-646-828-7666 (cc: all counsel) (mlm) |
| 03/30/2022 | 24 | Minute Entry for proceedings held before Magistrate Judge William E Duffin: Arraignment and Plea as to Dejan Zoric (7) held on 3/30/2022 as to Counts 1, 13, 14, 15 of the Indictment. Defendant advised of rights, charges, penalties and fines. Not guilty pleas entered. Court orders GJ materials disclosed no later than 1 business day prior to trial. Case referred to Magistrate Judge Stephen C Dries for pretrial processing. Counsel-Only Telephonic Scheduling Conference set for 4/5/2022 at 09:00 AM before Magistrate Judge Stephen C Dries. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. Speedy Trial Date 6/8/2022. Final Pretrial Conference and Jury Trial TO BE SET before Judge Brett H Ludwig. Bond continued as set in the District of Nevada.<br><br>The court ORDERS that pursuant to Federal Rule of Criminal Procedure 5(f) the government must produce all exculpatory information to the defendant(s) as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. (Tape #Zoom audio 11:07-11:19 am) (lz) |
| 03/31/2022 | 25 | MOTION for Protective Order by USA as to Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric. (Attachments: # 1 Text of Proposed Order)(Kovoor, Philip) |
| 03/31/2022 | 26 | MOTION to Seal Document *Ex Parte Statement for Protective Order* by USA as to Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric. (Attachments: # 1 Text of Proposed Order)(Kovoor, Philip) |

| 03/31/2022 | 27 | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
|---|---|---|
| 04/04/2022 | 28 | Amended MOTION for Protective Order by USA as to Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric. (Attachments: # 1 Text of Proposed Order)(Kovoor, Philip) |
| 04/05/2022 | 29 | ORDER signed by Magistrate Judge Stephen C Dries on 4-5-22 finding as moot 25 Motion for Protective Order as to Victor Cobian (3), Richard Mosqueda (4), Cristina Cole (5), Michael Preston (6), Dejan Zoric (7); granting 26 Motion to Seal Document as to Victor Cobian (3), Richard Mosqueda (4), Cristina Cole (5), Michael Preston (6), Dejan Zoric (7); granting 28 Motion for Protective Order as to Victor Cobian (3), Richard Mosqueda (4), Cristina Cole (5), Michael Preston (6), Dejan Zoric (7). Motion to seal is GRANTED. First motion for protective order DENIED as moot; second motion for protective order GRANTED. (cc: all counsel) (Dries, Stephen) |
| 04/05/2022 | 30 | ORAL MOTION for Complex Case Designation by USA as to all defendants (motioned during counsel only scheduling conference on 4/5/2022).(amb) Modified on 4/5/2022 (amb). |
| 04/05/2022 | 31 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Telephonic Counsel Only Scheduling Conference as to all defendants. Court GRANTS oral motion to designate case as complex. Court makes a Speedy Trial Finding. The time from today until July 13, 2022 is excluded under the Speedy Trial Act. Counsel Only Scheduling Conference set for 7/13/2022 at 09:00 AM by Zoom teleconference before Magistrate Judge Stephen C Dries. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. (Court Reporter Zoom Audio.) (amb) |
| 07/01/2022 | 48 | Receipt for Surrender of Passport as to Dejan Zoric. Receipt Number 462814. (lz) (Entered: 07/06/2022) |
| 07/13/2022 | 49 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Telephonic Counsel Only Scheduling Conference as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric held on 7/13/2022. Parties discuss status of discovery. Counsel Only Telephonic Scheduling Conference set for 9/1/2022 at 09:00 AM by Zoom Video Conference before Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until September 1, 2022 is excluded under the Speedy Trial Act. (Court Reporter Zoom Audio) (amb) |
| 08/31/2022 | | DOCKET ANNOTATION re: telephonic status conference set for 9/1/2022 at 9:00 AM before Magistrate Judge Dries: The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. (amb) |
| 09/01/2022 | 60 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Telephonic Counsel Only Scheduling Conference as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric held on 9/1/2022. Telephonic Counsel Only Scheduling Conference set for 11/3/2022 at 09:00 AM by Zoom Teleconference before Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until November 3, 2022 is excluded under the Speedy Trial Act. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call.(Court Reporter Zoom Audio) (amb) |
| 11/03/2022 | 69 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Counsel Only Status Conference as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric held on 11/3/2022. Parties discuss status of discovery. Status Conference set for 1/5/2023 at 09:00 AM by Zoom teleconference before Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until January 5, 2023 is excluded under the Speedy Trial Act. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call.(Court Reporter Zoom Audio) (amb) |
| 01/05/2023 | 71 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Telephonic Counsel Only Status Conference as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric held on 1/5/2023. Counsel Only Status Conference set for 3/2/2023 at 09:00 AM by Telephone before Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until March 2, 2023 is excluded under the Speedy Trial Act. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. (Court Reporter Zoom Audio) (amb) |
| 02/08/2023 | 74 | MOTION to Unseal Case by USA as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric.(Ladwig, Christopher) |
| 02/08/2023 | 75 | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
| 02/10/2023 | 76 | TEXT ONLY ORDER signed by Magistrate Judge Stephen C Dries on 2/10/23. The court GRANTS the USA's Motion to Unseal Case, ECF No. 74 , as to Juan Arturo Charles (2), Victor Cobian (3), Richard Mosqueda (4), Cristina Cole (5), Michael Preston (6), Dejan Zoric (7). (cc: all counsel) (eth) |
| 03/02/2023 | 77 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Counsel Only Telephonic Status Conference held on 3/2/2023. Parties discuss status of discovery. Status Conference set for 5/4/2023 at 09:00 AM by Zoom Teleconference before Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until May 4, 2023 is excluded under the Speedy Trial Act. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. (Court Reporter Zoom Audio) (amb) |
| 04/05/2023 | 82 | MOTION to Dismiss Property From Forfeiture Notice of the Indictment by USA as to Jesus Cisneros-Hernandez, Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric, Rafael Preciado. (Attachments: # 1 Text of Proposed Order)(Ladwig, Christopher) |
| 04/07/2023 | 83 | ORDER signed by Judge Brett H Ludwig on 4/7/23 granting 82 Motion to Dismiss Property from Forfeiture Notice of the Indictment. (cc: all counsel) (jad) |
| 05/04/2023 | 86 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Counsel Only Telephonic Status Conference as to Juan Arturo Charles, Victor Cobian, Richard Mosqueda, Cristina Cole, Michael Preston, Dejan Zoric held on 5/4/2023. Parties discuss status of case. Counsel Only Status Conference set for 6/28/2023 at 09:00 AM by Zoom Telephone Conference before |

| | | |
|---|---|---|
| | | Magistrate Judge Stephen C Dries. Court makes a Speedy Trial Finding. The time from today until June 28, 2023 is excluded under the Speedy Trial Act. The parties shall call the court's Zoom conference line at 669-254-5252 and use meeting ID: 161 4125 0515 and passcode: 414014 to join the call. (Court Reporter Zoom Audio) (amb) |
| 06/28/2023 | 89 | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Counsel Only Status Conference as to Juan Arturo Charles, Victor Cobian, Cristina Cole, Michael Preston, Dejan Zoric held on 6/28/2023.. Parties discuss status of discovery. Motions due by 8/31/2023, Responses due by 9/15/2023, Replies due by 9/22/2023. Court makes a Speedy Trial Finding. The time from today until August 31, 2023 is excluded under the Speedy Trial Act. (Court Reporter Zoom Audio) (amb) |
| 09/06/2023 | | Case as to defendants Juan Arturo Charles, Victor Cobian, Cristina Cole, Michael Preston, and Dejan Zoric no longer referred to Magistrate Judge Stephen C Dries. These parties did not file any motions by the deadline. (mmk) |
| 09/06/2023 | 102 | NOTICE OF HEARING as to Juan Arturo Charles, Victor Cobian, Cristina Cole, Michael Preston, Dejan Zoric. Telephonic Counsel-Only Status Conference set for 9/28/2023 at 11:00 AM before Judge Brett H Ludwig. Counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 # and Passcode 243805 before the scheduled hearing time. (cc: all counsel)(jad) |
| 09/28/2023 | 104 | ◄◄ Audio of hearing held on 9/28/23 at 11:00 a.m.; Audio File Size(11.3 MB) (jad) |
| 09/28/2023 | 105 | Minute Entry for proceedings held before Judge Brett H Ludwig: Status Conference as to Juan Arturo Charles, Victor Cobian, Cristina Cole, Michael Preston, Dejan Zoric held on 9/28/2023. The Court set a continued counsel-only status conference for January 3, 2024, at 10:00 a.m. To appear, counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time. The Court set a two-week jury trial for May 6, 2024, and a final pretrial conference for April 25, 2024, at 10:00 a.m. The Court made a finding under the Speedy Trial Act. (Tape #104) (jad) |
| 01/03/2024 | 117 | ◄◄ Audio of hearing held on 1/3/24 at 10:00 a.m.; Audio File Size(15.2 MB) (jad) |
| 01/04/2024 | 118 | Minute Entry for proceedings held before Judge Brett H Ludwig: Status Conference as to Victor Cobian, Cristina Cole, Michael Preston, Dejan Zoric held on 1/4/2024. The Court confirmed that a two-week jury trial is scheduled for May 6, 2024, and a final pretrial conference for April 25, 2024, at 10:00 a.m. Counsel agreed that a further counsel-only status conference prior to trial is not necessary. The Court made a finding under the Speedy Trial Act. (Tape #117) (jad) |
| 01/04/2024 | 119 | Criminal Pretrial Order as to Victor Cobian, Cristina Cole, Michael Preston, Dejan Zoric signed by Judge Brett H Ludwig on 1/4/24. (cc: all counsel) (jad) |
| 04/05/2024 | 146 | NOTICE OF HEARING as to Victor Cobian, Dejan Zoric, and Michael Preston. Telephonic counsel-only Status Conference set for April 11, 2024 at 10:00 a.m. before Judge Brett H. Ludwig on Motion for Continuance of Trial Date (ECF No. 145) and severance of Defendant Preston. To appear, counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time. (cc: all counsel) (jad) Modified on 4/5/2024 (jad). |
| 04/08/2024 | 149 | NOTICE OF HEARING as to Victor Cobian, Michael Preston, Dejan Zoric. Telephonic Status Conference reset for 4/11/2024 at 2:30 PM before Judge Brett H Ludwig. Counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 # and Passcode 243805 before the scheduled hearing time. (cc: all counsel) (jad) |
| 04/11/2024 | 150 | ◄◄ Audio of hearing held on 4/11/24 at 2:30 p.m.; Audio File Size(18.2 MB) (jad) |
| 04/12/2024 | 151 | Minute Entry for proceedings held before Judge Brett H Ludwig: Status Conference as to Victor Cobian, Michael Preston, Dejan Zoric held on 4/12/2024. The Motion for Continuance of Trial Date 145 is GRANTED. The Court re-scheduled the two-week jury trial for Cobian and Zoric to start on September 16, 2024, and continuing through the week of September 23, 2024. The final pretrial conference is set for September 5, 2024, at 10:00 a.m. in Courtroom 320. The Court also scheduled the jury the trial for Preston to start on October 15, 2024. The final pretrial conference is set for October 3, 2024 at 10:00 a.m. in Courtroom 320. The Court made a finding under the Speedy Trial Act. (Tape #150.) (jad) |
| 04/12/2024 | 153 | Criminal Pretrial Order as to Victor Cobian, Dejan Zoric signed by Judge Brett H Ludwig on 4/12/24. (cc: all counsel) (jad) |
| 08/22/2024 | 176 | MOTION in Limine by USA as toVictor Cobian, Dejan Zoric.(Ladwig, Christopher) |
| 08/23/2024 | 178 | MOTION to Seal Document by USA as toVictor Cobian, Dejan Zoric. (Attachments: # 1 Text of Proposed Order)(Ladwig, Christopher) |
| 08/27/2024 | 180 | ORDER signed by Judge Brett H Ludwig on 8/27/24 granting 178 Motion to Seal Document as to Victor Cobian (3), Dejan Zoric (7). (cc: all counsel) (jad) |
| 08/28/2024 | 182 | INFORMATION as to Dejan Zoric (7) count 1s. (lz) |
| 08/28/2024 | 183 | PLEA AGREEMENT as to Dejan Zoric (Kovoor, Philip) |
| 08/29/2024 | 184 | NOTICE OF HEARING as to Dejan Zoric. Change of Plea Hearing set for 9/9/2024 at 11:00 AM in Courtroom 320, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge Brett H Ludwig. (cc: all counsel, usms, pts)(jad) |
| 08/29/2024 | 185 | NOTICE OF CANCELLATION OF HEARING as to Victor Cobian, Dejan Zoric. The final pretrial conference set for 9/5/24 is CANCELLED. (cc: all counsel) (jad) |
| 09/09/2024 | 187 | Minute Entry for proceedings held before Judge Brett H Ludwig: Change of Plea Hearing as to Dejan Zoric held on 9/9/2024. Plea entered by Dejan Zoric (7) Guilty Count 1s. Sentencing set for 12/9/2024 11:00 AM in Courtroom 320, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge Brett H Ludwig. (Court Reporter Thomas Malkiewicz) (jad) |
| 09/09/2024 | 188 | WAIVER OF INDICTMENT by Dejan Zoric (jad) |
| 09/11/2024 | 189 | PLEA AGREEMENT *(Corrected Filing)* as to Dejan Zoric (Kovoor, Philip) |
| 09/17/2024 | 192 | MOTION to Travel by Dejan Zoric.(Coffey, Dennis) |

| 09/18/2024 | 193 | TEXT ONLY ORDER signed by Judge Brett H. Ludwig on 9/18/2024 re: 192 Motion to Allow Travel. The motion is **granted**. Defendant Dejan Zoric is permitted to travel on September 22, 2024, from his home in Las Vegas, Nevada to San Diego, California and return to his home on September 24, 2024. (cc: all counsel, probation) (jad) |
| --- | --- | --- |
| 09/26/2024 | 194 | ORDER re Release Status Report as to Dejan Zoric signed by Judge Brett H Ludwig on 9/26/24. (NOTICE: Parties allowed to view this document may do so by using their e-filing log-in and password.) (cc: all counsel, probation) (jad) |
| 11/26/2024 | 204 | REVISED PRESENTENCE INVESTIGATION REPORT (Restricted) as to Dejan Zoric filed by the US Probation Office. (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Please note this report has been changed since the last disclosure. Parties allowed to view this document may do so by logging in.) (jlm) |
| 11/26/2024 | 205 | SENTENCING RECOMMENDATION (Sealed - for Judge only) filed by US Probation Office as to Dejan Zoric (jlm) |
| 12/09/2024 | 206 | Minute Entry for proceedings held before Judge Brett H Ludwig: Sentencing held on 12/9/2024 for Dejan Zoric (7). Indictment dismissed on motion of the government. Count 1s, Imprisonment: 1 year and 1 day. Supervised Release: 1 years. Special Assessment: $100. Conditions of Supervised Release imposed. SEE Judgment for additional details. (Court Reporter Jennifer Stake) (jad) |
| 12/09/2024 | 207 | JUDGMENT as to Dejan Zoric (7) signed by Judge Brett H Ludwig on 12/9/24. Indictment dismissed on motion of the government. Count 1s, Imprisonment: 1 year and 1 day. Supervised Release: 1 years. Special Assessment: $100. Conditions of Supervised Release imposed. SEE Judgment for additional details. (cc: all counsel, usms, flu, financial) (jad) |
| 12/09/2024 | 208 | STATEMENT OF REASONS (Restricted) as to Dejan Zoric signed by Judge Brett H Ludwig on 12/9/24. (Parties allowed to view this document may do so by logging in.) (cc: all counsel, flu, financial) (jad) |
| 06/03/2025 | 227 | ORDER re Request to Modify Conditions as to Dejan Zoric signed by Judge Brett H Ludwig on 6/3/25. (NOTICE: Parties allowed to view this document may do so by using their e-filing log-in and password.) (cc: all counsel, probation) (jad) |
| 07/07/2025 | 228 | REQUEST for copies of documents by Dejan Zoric. (mlm) (Entered: 07/08/2025) |
| 07/11/2025 | 229 | LETTER from Clerk's office to defendant in response to his letter requesting copies of documents. (mlm) (Main Document 229 replaced on 7/11/2025) (mlm). Request for Sentencing Transcript entered as Transcript Order #2823 and forwarded on 7/14/2025 to Court Reporter Jennifer Stake for processing. (kwb). Modified on 8/18/2025 - Copies mailed 8/18/2025 (lz). |